IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Criminal Case No. 1:23-cr-00288-RMR-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MALIK RASHAD QAIYIM JONES,

    Defendant.

---

ORDER DENYING DEFENDANT'S
MOTION TO AMEND A CONDITION OF RELEASE (DKT. 45),
WITHOUT PREJUDICE

---

    This matter is before the Court on referral of Defendant Jones' Motion to Amend a Condition of Release, Dkt. 45. The Government filed a Response opposing the Motion (Dkt. 48). The Court has carefully considered these filings, matters from the docket, and relevant law. No hearing is necessary.

## BACKGROUND

    Mr. Jones was indicted on one count of carjacking and aiding and abetting in violation of 18 U.S.C. §§ 2119, 2, and one count of use and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The statutory presumption of detention under 18 U.S.C. § 3142(e)(3) applies.

1

During the June 29, 2023 Detention Hearing, the Government sought Mr. Jones' detention. Pretrial Services, however, recommended his release on a combination of conditions. After carefully considering the parties' proffers, the Court found Mr. Jones had rebutted the presumption of detention and that the Government had not met their applicable burdens of proof, and ordered Mr. Jones' release on a combination of conditions. Given the serious and violent nature of the crimes Mr. Jones' is alleged to have committed, and the fact his alleged crimes give rise to the presumption of detention, critical to the Court's release order were the conditions of home detention and GPS monitoring. Dkt. 35. The home-detention condition restricts Mr. Jones to his residence "at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer[.]" *Id.* at p.3. Mr. Jones was released on June 30, 2023. He filed his Motion seeking to amend his release conditions on August 28, 2023.

So far, Mr. Jones has been compliant with all conditions of his release. He now seeks to modify those conditions to do away with the condition of home detention. He argues, in relevant part:

> Based on his demonstrated compliance with all conditions, Mr. Jones is now asking to be able to move within the community. While appreciative of the opportunity to be in the community on release, being on home detention for the past three months has been somewhat isolating for Mr. Jones. Most important to Mr. Jones is his desire to visit and spend time with his family, particularly with his brother and young niece with

whom he is very close, in other settings outside of the residence where Mr. Jones is restricted.

Dkt. 45 at p.2. He goes on to explain that he "is motivated to continue to demonstrate that he is responsible and can and will live safely in the community." *Id*.

The Government opposes the Motion. In its Response, it proffers additional evidence since the Detention Hearing that law enforcement obtained which further corroborates the victim's account. While acknowledging Mr. Jones has no criminal conviction history and that he has complied with his release conditions, the Government argues:

> [I]t has been a mere two months since he was released on supervision. The alleged offense is far too violent and far too recent to justify permitting the defendant free movement, both day and night, wherever he wishes within the state. The defendant is facing very serious charges. The current limitations on his movement are reasonable to protect the public in light of the violent conduct he is charged with, and to ensure he does not abscond to avoid a potential lengthy prison sentence at the conclusion of this case.

Dkt. 48 at p.4.

## ANALYSIS

Mr. Jones seeks a modification of his conditions of release under 18 U.S.C. § 3142(c)(3) of the Bail Reform Act, which provides "[t]he judicial officer may at any time amend the order to impose additional or different conditions of release." Whether or how to modify a defendant's conditions of release is within the trial court's discretion. *See United States v. McGill*, 604 F.2d 1252, 1255 (9th Cir. 1979) (noting the "broad grant of discretionary power" under the Bail Reform Act to modify

3

conditions of release); *United States v. Cook*, 428 F.2d 460, 461 (5th Cir. 1970) ("the conditions of the bail are left to the discretion of the issuing authority"). In exercising that discretion, the Court considers whether the proposed modifications sought by Defendant would continue to reasonably assure his appearance as required, and reasonably assure the safety of the community. 18 U.S.C. § 3142(c).

Based on the record currently before the Court, the Court finds the proposed modification is insufficient to continue to provide those reasonable assurances required by § 3142 of the Bail Reform Act. First, as the Government points out, Mr. Jones has only been on release for two months.

Second, while the Court is not without sympathy over the somewhat isolating nature of home detention, Mr. Jones has been indicted over violent crimes for which the law presumes there is no condition or combination of conditions that will reasonably assure his appearance as required *and* the safety of the community. 18 U.S.C. § 3142(e)(3). Mr. Jones' alleged crimes involved a victim who was physically assaulted, his allegedly pointing a firearm (found in his pants pocket at the time of arrest) within inches of the victims' face, and a police chase prior to his arrest. These are extremely serious allegations over which a grand jury found probable cause to indict Mr. Jones. And the additional evidence proffered by the Government in its Response (Dkt. 48) does nothing to assuage the Court's original considerations leading to it imposing the condition of home detention. This Court's original decision to release Mr. Jones was a close call, but the Court determined it could impose these

4

conditions of release as the least restrictive conditions to reasonably assure community safety and Mr. Jones' appearance as required.

Considering the nature of the alleged offenses charged in this case and the statutory presumption of detention under § 3142(e)(3), the Court is not convinced that, at this early stage of his pretrial release, excusing Mr. Jones from the condition of home detention would continue to reasonably assure his appearance as required or the safety of the community.

The Court commends Mr. Jones for remaining compliant with the conditions of his release. And while the Court is denying his request, Mr. Jones will hopefully take solace in the fact that he is not in pretrial detention and he has a large and supportive family who live locally and who can find ways to assist his home detention to feel less isolating. It is the Court's hope that even after this Order, Mr. Jones will stay motivated to continue to demonstrate that he is responsible and can and will live safely in the community. While Mr. Jones may find the conditions of his release isolating or restrictive, through this adversity he has an opportunity to demonstrate the true content of his character.

Based on the current record, the Motion is DENIED, WITHOUT PREJUDICE. The Parties are ADVISED of their right to file objections to this Order within 14 days pursuant to Fed. R. Crim. P. 59(a).

DATED:   September 1, 2023

BY THE COURT:

_____

S. Kato Crews
United States Magistrate Judge